**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARILYN POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1281-M |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner appearing *pro se*, brings this action challenging the denial of her administrative tort claim. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Defendant United States Bureau of Prisons (BOP) has filed a motion to dismiss/motion for summary judgment. Plaintiff has not responded; however, the time for doing so has now passed and so the matter is at issue and ready for disposition. Local Civil Rule 7.1(g). For the reasons set forth herein, the undersigned recommends that the motion to dismiss be granted.

**I. BACKGROUND**

On November 13, 2007, Plaintiff filed a complaint "challeng[ing] the denial of the Administrative Tort Claim and present[ing] to this Court circumstances in reference to the injury sustained July 19, 2005." Complaint, p. 1. She alleges that on July 19, 2005, while waiting to board an airlift from the Federal Transfer Center in Oklahoma City (FTC-OKC), another inmate hit her in the back with a food cart. Id. She alleges that she informed a

"United States Marshal" of the incident, the employee asked Plaintiff if she was okay, and Plaintiff said "I don't think so." Id. Plaintiff alleges that she was then told to get up, but was put on the airlift instead of being taken to "medical." Id. She alleges that when she arrived at the Federal Detention Center in Miami, she explained what had happened and that she was in pain. Id. at p. 2.[1] She also alleges that PA-C Lauren Delturco at the Federal Prison Camp in Alderson, West Virginia did not document the alleged FTC-OKC incident upon Plaintiff's intake at FPC-Alderson, or one month later when she presented to the medical department at FPC-Alderson with a complaint of headaches, and that this "would have help[ed] the present staff understand the type of pain I am suffering to date from an accident that occurred on July 19, 2005." Complaint, p. 4. Finally, she claims that BOP regional counsel who handled her tort claim did not correspond with or give her an opportunity to agree or disagree with any information the medical staff at FDC Miami or FPC Alderson gave him during his investigation. Complaint, p. 5. She alleges that she was x-rayed on October 4, 2007, and that physical therapy was ordered. Id. She alleges that "[w]orking in CDR" aggravated her improperly-treated injury, that she is in grave pain, and on "Medical Convalescence." Id.

## II. MOTION TO DISMISS

Defendant contends that Plaintiff's complaint does not contain a statement of jurisdiction, and that to invoke jurisdiction, a complaint must affirmatively and distinctly

---

[1] She also alleges that she told intake personal at two county jails and "Silver Dale CCC" that she was "in pain," but gives no details as to when these events occurred or even where these facilities are located.

allege the jurisdictional basis. Defendant's Motion, p. 9. Defendant BOP also argues that when an agency of the United States is sued, the complaint must also demonstrate a statutory waiver of sovereign immunity. Id. Defendant BOP urges that this Court lacks jurisdiction over Plaintiff's claim against it because the complaint is insufficient as it fails to satisfy either of these prerequisites. Id.

The BOP also contends that even if Plaintiff's claim is construed as one brought under the Federal Tort Claims Act (FTCA), such an action cannot be maintained against the Federal Bureau of Prisons because the United States – not one of its agencies – is the only proper party in a suit under the FTCA. Id. at 10. Furthermore, Defendant contends that even if the proper party were named, a claim for punitive damages is not cognizable under the FTCA. Id. Finally, Defendant argues that if Plaintiff's claim is construed as an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), such an action cannot be brought against a federal agency, but only against a federal employee acting in his or her individual capacity. Id. at 11. The undersigned agrees that Plaintiff's complaint is insufficient for failing to allege a basis of jurisdiction or facts which would establish subject matter jurisdiction over her claim against Defendant BOP.

As noted by Defendant, the only proper party in a suit under the FTCA is the United States; an agency of the United States such as Defendant BOP may not be sued under the FTCA. F.D.I.C. v. Meyer, 510 U.S. 471, 476 (1994) ("Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause."); 28 U.S.C. §

2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [28 U.S.C. § ] 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."). Moreover, even when a claim cognizable under the FTCA is brought, punitive damages are not available. 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."). Moreover, naming the United States as Defendant in an action under the FTCA is jurisdictional in nature. See, e. g., Roman v. Townsend, 224 F.3d 24, 28 (1st Cir.2000) ("[T]he requirement that a plaintiff sue the United States within the period of limitations in an action brought under the FTCA is jurisdictional in nature and thus non-waivable."). Thus, Plaintiff's complaint against Defendant BOP is not cognizable under the FTCA, and without the FTCA's limited waiver of sovereign immunity, the Court has no jurisdiction to entertain Plaintiff's tort action against it.

The BOP is also not a proper party under Bivens. In Bivens, the Supreme Court "recognized a private right of action in favor of victims of constitutional violations committed by federal *agents* in the performance of their official duties." Farmer v. Perrill, 275 F.3d 958, 960 n.4 (10th Cir. 2001) (emphasis added). As Bivens is a remedy for redressing constitutional violations committed by federal agents in their individual capacities, it is not possible to bring a Bivens claim against the United States, its agencies, or public officials in an official capacity. Id. at 963 ("There is no such animal as a Bivens suit against

4

a public official tortfeasor in his or her official capacity."); Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997) ("The United States and its agencies are not subject to suit under Bivens."). Accordingly, "a Bivens claim cannot be brought against the BOP, as a federal agency . . . ." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003), abrogated in part on other grounds by Jones v. Bock, 127 S. Ct. 910, 921 (2007); see also Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A Bivens action may not be brought against federal agencies . . . ."). Because Bivens claims cannot be maintained against a federal agency, Bivens would fail to be an adequate subject matter jurisdictional basis for Plaintiff's claim against the BOP even if the complaint were so construed.

In light of this, Defendant BOP's contention that there is no valid jurisdictional basis in this Court over Plaintiff's claim against it is well-taken. Accordingly, it is recommended that the Defendant BOP's motion to dismiss be granted.

The undersigned notes that Plaintiff has added the phrase "et al." to her identification of the Defendant in the caption of her complaint. This designation, however, is a nullity because the complaint is the original pleading. Feliciano v. DuBois, 846 F. Supp. 1033, 1048 (D. Mass. 1994) (prohibiting the plaintiffs from proceeding against defendants not identified in the complaint, which contained the "et al." phrase); Sawyer v. Musumeci, 1997 WL 381798, at *1, n. 1. (S.D. N.Y. July 9, 1997) (treating the "et al." designation in the complaint as a nullity), aff'd, 165 F.3d 14 (2d Cir. Oct. 21, 1998). The Ninth Circuit Court of Appeals explained:

> [T]he phrase "et al." is short for "et alia," which means "and others ."

> [The plaintiff's] inclusion of this phrase in the caption of his second amended complaint announced that he was suing persons in addition to Bonzelet. But whom? Without additional information to assist in interpreting to whom it refers, "et al." is, by definition, ambiguous.

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citations omitted ). Thus, the only Defendant herein is the Federal Bureau of Prisons as it is the only one actually named in the caption of the complaint. Accordingly, as Plaintiff has failed to identify any jurisdictional basis for her claim against the only Defendant named herein, it is recommended that the action be dismissed.

As the Court lacks subject matter jurisdiction over the action, the undersigned has not addressed Defendant BOP's motion for summary judgment as to the merits of Plaintiff's claim.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant BOP's motion to dismiss [Doc. No. 27] be granted and the action be dismissed. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 4, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

**Entered this 15th day of August, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE